BELLE BURKETT, GUARDIAN, *v.* EXILE BURKETT ET AL.

INFANTS. *Suits. Next friend. Guardian. Res adjudicata.*

> A final decree rendered in an equity suit begun and prosecuted by infants, suing by their next friend, is a bar to a subsequent like suit by the guardian of the infants involving the same questions and against the same defendants.

FROM the chancery court of Monroe county.

HON. HENRY L. MULDROW, Chancellor.

Mrs. Burkett, guardian, the appellant, was the complainant, and Exile Burkett and another, appellees, were defendants in the court below. From a decree in defendants' favor complainant appealed to the supreme court. The facts are stated in the opinion of the court.

*W. H. Clifton,* for appellant.

No construction will be given the former decree that violates the law; and we now proceed to show that the construction put on it in the court below violates settled principles of law. It will not be denied that Exile Burkett submitted himself to the jurisdiction of the chancery court when he executed the bond required of him as trustee; and that he can be made to account to this court for these legacies as trustee, as also his management and investment of the trust fund. *Nelson* v. *Ratliff,* 72 Miss., 656; *Gregory* v. *Field,* 63 Miss., 325; *Earle* v. *Crum,* 42 Miss., 167.

Now with jurisdiction both of the person and subject-matter, how can this trustee prevent inquiry by this court into his management of the trust, when the defense which he sets up is a violation of that trust, and breach of his bond?

It was a violation of law and his duty, to-wit: First, to have loaned this trust fund on the personal obligation of the Engine

& Boiler Works, a manufacturing corporation of Jackson, Tennessee, of which he was a stockholder and principal officer. Beach on Trusts and Trustees, 482, 528, 531, 532; Adams Equity, 56, note 1; In Re-Blanvelts Estate, 20 N. Y., Suppl., 119; *Dufford* v. *Smith*, 18 A., 1052; *Nobles* v. *Hogg*, 15 S. E. Rep., 359.

Second, to have invested this fund in Tenneesee, where the trustee lives, when the beneficiary lives in Mississippi, and the trustee was appointed in Mississippi and required to account here, thereby placing it beyond the jurisdiction and reach of this court. Perry on Trusts, 452, notes 2 and 3; 2 Pomeroy's Equity (ed. 1881), 1074, note 2; *McCullough, Exec.* v. *McCullough,* 14 A, 123; 9 Law Rep., Anno. 279; 32 Cent. Law Journal, 526; *Simmons* v. *Oliver*, 43 N. W., 561 (Wis.)

Our statute prescribes in what public securities the trustee may invest trust funds, and the courts in both England and America approve now, as the most judicious investment, landed security. Code, 1892, § 2200; *In re* Craven, 5 A, 816.

Our statute makes the guardian's authority strictly territorial, and will not permit the personal property of the ward removed out of either state or county, except upon the removal of the ward. The personal property, as well as the person of the ward, must remain within the jurisdiction and reach of the court. Code, 1892, §§ 2207, 2208; *Grist* v. *Forehand*, 36 Miss., 69 (9 Am. & Eng. Ency. Law, 123).

*McFarland & McFarland*, for appellees.

This proceeding presents again the matters involved and adjudicated in the previous proceeding in the chancery court, and is nothing but an effort to re-litigate them, as clearly appears from exhibits to the petition.

The petition in this case was demurred to upon this ground amongst others, and the petition dismisssd, from which decision this appeal is prosecuted.

Nothing is shown to have occurred since that decision calling

for interpositiom by the court; the petition seeks to have the same ground gone over again by the court, nothing more. The only new feature is the failure of the trustee to invest in this state and to make report, neither of which are required or necessary, and these statements are therefore baseless and futile, and add nothing to the case.

The offers made by the guardian, in this petition to lend the trust money at high interest, upon good security, etc., in this state, are superserviceable, perfunctory and officious, and serve only to thinly veil her desire and purpose to get the control and management of the trust funds herself.

That appellant is guardian now and only next friend in the first suit can make no difference. The decision in the first case did not rest upon the fact that there was no guardian to whom the funds belonging to the minors could be paid, as is plainly seen by the terms of the decree. It went upon the theory of right in the appellee as trustee with or without guardian.


CALHOON, J., delivered the opinion of the court.

The bill or petition in chancery in this cause makes an exhibit of certain other proceedings in the same court, which it is convenient, for the sake of clearness of statement, to present first. These proceedings terminated in a final decree, of date May 6, 1902, on "petition, answer, and proof," and were commenced by a petition filed by James, Jr., Belle, Jr., Nettie, Garnett, Louise, and Dewetta Burkitt, minors, by their mother and next friend, Belle Burkitt, and makes Frank and Exile Burkitt defendants, naming them as executors of the will of Gen. Henry L. Burkitt, deceased, and it exhibits this will at length, and it avers that they are the grandchildren of the deceased, and legatees under the will, and residents of Monroe county, in this state; that Exile Burkitt is a nonresident, living in the state of Tennessee, but that the will appoints him, nevertheless, the guardian of the petitioners, which the petition avers to be illegal, and that Mrs. Belle Burkitt, the mother and

next friend, is a suitable person to be their guardian, and asks her appointment as such; that the will, or, to be strictly accurate, the codicil to it, provides that the legacies to the minors, in the distribution of the estate, be paid to Exile Burkitt, he to distribute to the minors, successively, as each attains the age of twenty-one years, and requires no bond; that he should not be allowed to withdraw the trust funds from the state without bond; and the prayer is that the court construe the will and codicil, appoint Mrs. Belle Burkitt guardian, direct the legacies to be turned over to her, or to require bond of Exile Burkitt, and require him to invest the funds, and for general relief. It should be mentioned here that neither the will nor the codicil nominates Exile Burkitt as executor, but does expressly nominate Frank and James Burkitt executors. The codicil, however, contains this provision in reference to these grandchildren: "I will those who are twenty-one years old at the time of distribution receive their proportional share from my executors, and the shares of those under age I will that the money due them be placed in the hands of my son, Exile Burkitt, whom I appoint as their guardian, and hereby direct that he pay to each one his or her share as they arrive at the age of twenty-one years." The final decree in that cause, of date May 6, 1902, announces on the construction of the will that the grandchildren, complainants, took a vested legacy under it, but the same was to be placed in the hands of Exile Burkitt, as trustee, to hold and invest, and to be by him distributed as each arrived at the age of twenty-one years. The decree further is that this trustee has received $350 of the legacies from the executors out of the first distribution, and it requires the trustee to file a bond for $400, conditioned for the faithful performance of his trust and for the careful investment of the money, and the annual payment of interest to the guardian of the minors, when one is appointed, and that the trustee make additional bonds to protect further moneys he may receive from the executors from time to time in their distribution, and that the trustee is entitled

to letters of guardianship of the estate of the minors on proper application within thirty days; and, if he declines to make bond as trustee, he is required to pay to the guardian, when appointed, the legacies he now holds, and such other sums as he may receive from time to time as trustee. The decree then requires Exile Burkitt to account with such guardian for interest he may have collected from the Southern Engine & Boiler Works, to whom he has loaned money of the legatees, and that payments by him as trustee shall be acquittance *pro tanto* of the trust under the will, and that if he declines to make bond, and pay the money he has to the guardian, he shall be discharged as trustee, and the executors of the will shall pay over thereafter the shares of the minors to such guardian as shall be appointed. This final decree remains unappealed from. Subsequently to this final decree of May 6, 1902, and on August 12, 1902, a petition was filed in the same court by Mrs. Belle Burkitt, as guardian of the minors, in which she refers to and exhibits the proceedings we have described above, against Exile and Frank Burkitt, whom she characterizes as executors under the will, and charges that the final decree therein required Exile to invest the legacies in this state, on good security, which is an error, since the final decree mentioned does not so require, but distinctly recognizes the loan to the said boiler works, which is a Tennessee corporation. She avers that she has been duly appointed guardian, and insists that it was the duty of the trustee to invest the money of the minors in this state, and charges that Exile did not execute bond under the decree, but declined letters of guardianship, and that he holds $350 of the trust money invested by loan to the said boiler works in Tennessee, and has not invested it in Mississippi, nor made any report to court of the performance of the decree, and that she, as guardian, is entitled to receive the annual interest of the money, and that the legacies ought to bring ten per cent. interest, as they will eventually amount to about $1,500; that the minors live with her, and that she can loan

money at ten per cent., with ample real estate security, in Monroe county, in this state. The prayer is that Exile be required to loan the money at ten per cent. interest, and that the guardian be permitted to submit the applications she has for said loans, and that the court direct the investment accordingly, and that Exile be required to turn over to the guardian the annual income, without the costs of annual account made by him as trustee, so that there shall be only one account, and that by the guardian. This last petition is the beginning of the proceedings now before us, and it was filed on August 12, 1902, just three months and six days after the date of the final decree exhibited with it. To this a demurrer was filed and sustained, and the petition dismissed, which was done on September 5, 1902, and from this order Mrs. Burkitt appeals to this court.

The decree of May 6, 1902, was the culmination of proceedings covering the whole subject-matter of those now before us, and with identically the same parties before the same court. It construed the codicil, and determined what should be the disposition of the legacies. The fact that the former proceedings were instituted by the parties as legatees, and the latter by the guardian of the legatees, as guardian, does not alter the case. The decree of May 6 is unappealed from and unreversed, and is the law of this case, of equal dignity with a decree or judgment of this court.

*Affirmed.*